IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Paul Chakot, Jr., | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No.  2:19-394 |
| Commissioner of Social Security, | ) |
| Defendant. | ) |
| AMBROSE, Senior District Judge | ) |

**OPINION**
**and**
**ORDER OF COURT**

**SYNOPSIS**

Pending before the Court are Cross-Motions for Summary Judgment.  [ECF Nos. 12, 14]. Both parties have filed Briefs in Support of their Motions. [ECF Nos. 13, 15]. After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment and denying Defendant's Motion for Summary Judgment.

**I. BACKGROUND**

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"). On or about December 11, 2015, Plaintiff applied for DIB. [ECF No. 9-6 (Ex. 2D)]. In his application, he alleged that since June 10, 2015, he has been disabled due to diabetes, heart disease, and depression. [ECF No. 9-7 (Ex. 3E)]. His date

1

last insured is December 31, 2020. [ECF No. 9-2 at 12].[1] The state agency denied his claims initially, and he requested an administrative hearing. Administrative Law Judge ("ALJ") Matthew C. Dawson held a hearing on January 18, 2018, at which Plaintiff was represented by counsel. Id. at 28-62. Plaintiff appeared at the hearing and testified on his own behalf. Id. A vocational expert also was present at the hearing and testified. Id. at 53-60. In a decision dated May 22, 2018, the ALJ found that Plaintiff could return to his past relevant work as a rig manager as generally performed and, therefore, that Plaintiff was not disabled under the Act. Id. at 10-18. Plaintiff requested review of the ALJ's determination by the Appeals Council, but the Appeals Council denied Plaintiff's request for review. Id. at 1-6. Having exhausted all of his administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. [ECF Nos. 12, 14]. The issues are now ripe for my review.

## II.     LEGAL ANALYSIS

### A.     STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Regardless of "the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (U.S. 2019). Substantial evidence has been defined as "more than a mere scintilla." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "It means – and means only – such relevant evidence as a reasonable mind might accept as

---

[1] To receive DIB, Plaintiff must establish that he became disabled prior to December 31, 2020, the date on which his insured status expires, or "date last insured."   42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B); 20 C.F.R. § 404.131(a).

adequate to support a conclusion." Biestek, 139 S. Ct. at 1154. The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §

3

404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  Id.

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

**B.     WHETHER THE ALJ ERRED IN CONCLUDING THAT CLAIMANT DID NOT MEET A LISTING IN APPENDIX I, SUBPART P, REGULATION 4, SPECIFICALLY LISTING 1.04**

At step two of the analysis, the ALJ found that Plaintiff had severe impairments, including obesity, degenerative disc disease, diabetes, neuropathy, heart disease, coronary artery disease, hypertension, lumbago, sciatica, lumbar radiculopathy, and osteoarthritis of the knee.  [ECF No. 9-2, at 12-13]. He then found that Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. at 13-14. In particular, the ALJ found that Plaintiff's cardiovascular impairments failed to meet Listing 4.04 (Ischemic heart disease). Id. at 14. The ALJ further found that Plaintiff had the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c) except he cannot lift or carry more than 25 pounds; he can only occasionally climb ramps, stairs, ladders, ropes, or scaffolds; he can frequently balance, stoop, kneel, crouch, and crawl; he can tolerate occasional exposure to extreme cold, heat, wetness, humidity, vibration, and pulmonary irritants; he can have no exposure to unprotected heights; he would need an option to sit for 5 minutes after every 30 minutes of standing or walking; and he could remain on task and at the work station while sitting. [ECF No. 9-2, at 14-18]. The ALJ ultimately concluded that Plaintiff was capable of performing his past relevant work as a rig

manager, as it is generally performed. Id. at 18. The ALJ did not make any alternative step five findings.

Plaintiff asserts that the ALJ erred in determining that his degenerative disc disease and lumbar radiculopathy were severe impairments, but then failing to analyze those impairments under Listing 1.04A at step three of the analysis. [ECF No. 13, at 6-8; No. 19, at 4-5]. After careful consideration, I agree that remand is necessary on this issue.

In step three of the analysis set forth above, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1. Jesurum v. Sec'y of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995). An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. Burnett v. Comm'r, 220 F.3d 112, 119 (3d Cir. 2000). The Court of Appeals for the Third Circuit has held that:

> Putting the responsibility on the ALJ to identify the relevant listed impairment(s) is consistent with the nature of Social Security disability proceedings which are "inquisitorial rather than adversarial" and in which "[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits."

Id. at 120, n.2 (quoting Sims v. Apfel, 530 U.S. 103 (2000)). Further, the ALJ must provide an explanation of his reasoning at step three in order for courts to engage in meaningful judicial review. See id. at 119-20 (holding that an ALJ's bare conclusory statement that an impairment did not match, or was not equivalent to, a listed impairment was insufficient). Subsequent decisions have clarified, however, that the ALJ's failure to cite a specific Listing at step three is not fatal provided that the ALJ's development of the record and explanation of findings permit meaningful review of the step-three conclusion. See Jones v. Barnhart, 364 F.3d 501, 503-05 (3d Cir. 2004); Lopez v. Comm'r of Soc. Sec., 270 F. App'x 119, 121-22 (3d Cir. 2008).

In this case, Plaintiff argues that the ALJ failed to evaluate appropriately whether he had a condition that met or equaled Listing 1.04A. See 20 C.F.R. pt. 404, subpt. P, app.1 § 1.04. The applicable version of Listing 1.04 – Disorders of the Spine – provides, in relevant part:

> **1.04 *Disorders of the spine*** (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

20 C.F.R. pt. 404, subpt. P, app.1 § 1.04. As the above language indicates, an impairment meets this Listing when the requirements of both the introductory paragraph and, in this case, paragraph A, are satisfied.

Because it is undisputed that the ALJ did not expressly address Listing 1.04 or Plaintiff's spine disorders in his step three analysis, the issue is whether his decision, read as a whole, nevertheless illustrates that he considered the appropriate factors in reaching his general conclusion that Plaintiff did not meet the requirements of any listing. After careful consideration, I find that it does not. As an initial matter, although the failure to cite a specific listing is not dispositive, the fact that the ALJ explicitly cited and discussed Listing 4.04 related to Plaintiff's cardiovascular impairments lends credence to Plaintiff's argument that the ALJ never contemplated Listing 1.04 in connection with his spinal impairments, either at step three or elsewhere in his analysis. Indeed, nothing in the ALJ's decision, read as a whole, suggests that the ALJ addressed any of the pertinent 1.04 factors. For example, although the record evidence, including Plaintiff's October 2016 X-ray results, December 2016 MRI results, and related

treatment notes, arguably contain evidence of each of the 1.04A factors, including nerve root compression, neuro-anatomic distribution of pain (radiculopathy), muscle weakness, sensory loss, and positive straight leg raise testing, the opinion fails to meaningfully address them. See, e.g., ECF No. 9-12, 9-13 (Ex. 8F); ECF No. 9-13 (Ex. 9F/15, 39-41); ECF No. 13, at 6-8, and No. 19, at 4-5 (and exhibits cited therein). Rather, in his brief discussion of Plaintiff's musculoskeletal pain in the RFC analysis, the ALJ focuses on Plaintiff's subjective complaints, conservative treatment history, medication regimen, and other areas, such as Plaintiff's gait and cane use, not directly related to the 1.04A factors. [ECF No. 9-2, at 16-17]. Indeed, the opinion never even mentions, let alone discusses, some of the factors such as positive straight leg raise testing. Although the evidence in no way requires a finding that Plaintiff's spinal impairments satisfy the requirements of Listing 1.04A, the ALJ's failure to discuss these impairments in the context of this listing precludes meaningful judicial review of the step three conclusion and requires remand on this issue.

Defendant's arguments to the contrary are unhelpful. Defendant contends that the ALJ's failure to address Listing 1.04A is harmless because the evidence fails to establish that Plaintiff met or equaled each of the Listing's requirements. [ECF No. 15, at 11-13]. In this regard, Defendant claims that, despite the 2016 X-ray and MRI, Plaintiff cannot show evidence of "*recurrent* nerve root compression for a continuous 12 months." Id. at 12 (emphasis added). The ALJ, however, did not rely on the duration of Plaintiff's alleged impairments in his Opinion, and, moreover, Defendant neglects to acknowledge that Plaintiff's post-MRI medical records reflect continuing symptoms and treatment for Plaintiff's spinal conditions through at least November 2017. See, e.g., ECF Nos. 9-12, 9-13 (Ex. 8F). Defendant also asserts that the evidence shows that Plaintiff did not have muscle weakness. [ECF No. 15, at 12-13]. The medical records to which

Defendant cites, however, do not support this assertion. To the contrary, one of the records is a treatment note from a 2014 pre-onset date appointment for a stuffy head, see id. (citing R. 314, ECF No. 9-10 (Ex. 5F)), and the remaining citations refer to post-MRI treatment records that reflect, in bold print, that Plaintiff indeed *did demonstrate* muscle weakness on those dates, id. (citing R. 359, 367, 371, 375, 384, 388, 392, and 402 (ECF Nos. 9-12, 9-13 (Ex. 8F)). Defendant further cites to record evidence he claims shows that Plaintiff had a normal gait "at times" and intact deep tendon reflexes, but he fails to explain how this evidence is relevant to the 1.04A analysis. Finally, Defendant challenges the necessity of Plaintiff's cane use, although 1.04A does not enumerate cane use as a requirement.

In short, the ALJ's failure to discuss Listing 1.04A, either explicitly or implicitly, when Plaintiff's severe spinal impairments are at issue prohibits me in this case from conducting a proper and meaningful review. For the reasons set forth above, Defendant has not persuaded me that the ALJ's error in this regard is harmless. Consequently, remand is warranted for a full and proper analysis of Listing 1.04A.

C.  **Plaintiff's Additional Arguments**

Plaintiff raises various other arguments in his brief in support of remand. Most of these arguments relate to the ALJ's RFC analysis and other step 4 findings. For example, Plaintiff contends that the ALJ's finding that Plaintiff can return to his past relevant work as a rig supervisor as the work "is generally performed" is contrary to the VE testimony; that the ALJ erred in failing to provide adequate reasons for omitting certain outcome-determinative limitations contained in the agency consultative examiner's opinion; and that the ALJ's credibility analysis was flawed and failed to consider relevant evidence such as Plaintiff's long work history. [ECF Nos. 13, 19]. Since I am remanding at step 3 as set forth above, I need not consider the details of these arguments

at this time.[2] A remand may produce different results on these claims, making discussion of them unnecessary and/or moot. Although I do not make any findings on these points at this juncture, the ALJ should consider Plaintiff's work history and any other relevant information as appropriate on remand.

## III.   CONCLUSION

Under the Social Security regulations, a federal district court reviewing the decision of the Commissioner denying benefits has three options. It may affirm the decision, reverse the decision and award benefits directly to a claimant, or remand the matter to the Commissioner for further consideration. 42 U.S.C. § 405(g) (sentence four). In light of an objective review of all evidence contained in the record, I find that the ALJ's decision is not supported by substantial evidence because the ALJ failed to evaluate Plaintiff's spinal impairments under Listing 1.04A. In remanding on the points herein, I make no findings as to whether Plaintiff meets any Listing or is or is not disabled. I simply find that I cannot properly evaluate the ALJ's opinion on the record before me. For these and all of the above reasons, Plaintiff's Motion for Summary Judgment is granted to the extent set forth herein, and Defendant's Motion for Summary Judgment is denied. An appropriate Order follows.

---

[2] For purposes of clarity, however, I note that I disagree with Plaintiff that the VE's use of the adjective "often" in accepting Plaintiff's description of his job as he actually performed it (heavy work) necessarily conflicts with a finding that the job as generally performed is light work (as described in the DOT). Although the VE agreed that the job as Plaintiff performed it was not atypical, that is not tantamount to testimony that the job as generally performed has changed or that he otherwise disagreed with the DOT's description of the job. Indeed, the VE testified unequivocally that the individual in the ALJ's hypothetical could perform Plaintiff's past work "as generally performed" and that his testimony was consistent with the DOT. [ECF No. 9-2, at 53-60].

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Paul Chakot, Jr., | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No.  2:19-394 |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

## ORDER OF COURT

AND NOW, this 6th day of May, 2020, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Plaintiff's Motion for Summary Judgment [ECF No. 12] is GRANTED to the extent that Plaintiff seeks remand for further consideration, and the matter is REMANDED to the Commissioner for further proceedings consistent with the Opinion attached hereto. Defendant's Motion for Summary Judgment [ECF No. 14] is DENIED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. Senior District Judge